**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIV. NO. 3:20cr183(MPS) |
| v. | : | |
| | : | |
| BRIAN GRINNELL | : | FEBRUARY 12, 2021 |

_____

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO SUPPRESS

Pursuant to the Fifth Amendment to the United States Constitution, Miranda v. Arizona, 384 U.S. 436 (1966), and Federal Rules of Criminal Procedure 12(b)(3)(C), the Defendant, Brian Grinnell, moves to suppress any and all statements made by him after he invoked his right to counsel, and any evidence derived therefrom.

As detailed below, it is clear from the video-recorded interview of Mr. Grinnell on September 23, 2020, the day his residence was searched, his electronic devices were seized, and he was arrested, that he unequivocally invoked his right to counsel on two occasions while being questioned by a federal and state agent, but the agents did not cease questioning him until after his third request.

1

**I.     PROCEDURAL BACKGROUND**

On September 23, 2020, federal and state agents went to Mr. Grinnell's residence armed with a search and seizure warrant for his electronic devices, and an Arrest Warrant and Criminal Complaint issued out of the United States District Court for the District of Connecticut, dated September 17, 2020, charging Mr. Grinnell with one count of distribution of child pornography in violation of 18 U.S.C. Section 2252A(a)(2). ECF No. 1.   Subsequently, on October 5, 2020, a federal grand jury in the District of Connecticut returned a one-count Indictment charging Mr. Grinnell with distribution of child pornography in violation of 18 U.S.C. Section 2252A(a)(2)(A) and (b)(1).  ECF No. 5.

In support of the Defendant's request for an evidentiary hearing, an Affidavit from Attorney Matthew Popilowski accompanies the Memorandum of Law.  (Attached hereto as Exhibit 1).  "[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 157, 165 (2d Cir. 2008).  Although generally an attorney's affidavit is insufficient to

2

warrant a suppression hearing, this is a case where the attorney's affidavit is based on the attorney's personal knowledge of a disputed fact.  See United States v. Dickson, 2011 WL 3701839, *4 (S.D.N.Y. 2011) (Attached hereto as Exhibit 2).  At issue in Dickson was whether his attorney's affidavit was sufficient to create an issue of fact, when the affidavit was based on his attorney's review of the video recording of the traffic stop at issue.  Id.  The court found that the attorney's affidavit was sufficient to create an issue of fact because it was based on his "personal knowledge of the video recording…." Id.  This court should likewise find that the attorney's affidavit in this case is sufficient because it is based on personal knowledge of the video recording of the interview at issue.[1]

## II.  FACTUAL BACKGROUND

While a number of agents were searching Mr. Grinnell's residence, he was taken to be interviewed by FBI Special Agent Michael Jewell and Ohio Internet Crimes

---

[1] Should the Court disagree that the attorney's affidavit is sufficient, it is requested that he be permitted to file an affidavit from Defendant Brian Grinnell.  An affidavit from Mr. Grinnell would have been filed herewith, however the virtual meeting scheduled with Mr. Grinnell schedule for 2/8/21 did not take place as the detention facility did not produce Mr. Grinnell for it.  The soonest possible time for a virtual meeting was on 2/11/21, which did take place, however this did not leave sufficient time to prepare and have the affidavit executed and returned by Mr. Grinnell in time to file with this motion, especially in light of the difficulty counsel has had just having telephone or virtual meetings with Mr. Grinnell.

3

Against Children Task Force Investigator Megan Arena to a vehicle equipped with audio and video recording capabilities.  Ex. 1 at ¶¶ 3-4.  The recording is approximately 65 minutes in length.  Id. at ¶ 5.  The interview begins with Special Agent Jewell questioning Mr. Grinnell regarding biographical information.  Id. at ¶ 6.  Immediately thereafter, Special Agent Jewell advised Mr. Grinnell of his Constitutional rights, including his rights to remain silent and to talk to a lawyer before being questioned.  Id.  Mr. Grinnell did sign a document entitled "ADVICE OF RIGHTS", indicating that Mr. Grinnell "read this statement of my rights and I understand what my rights are.  At this time, I am willing to answer questions without a lawyer present."  Id. at ¶ 7.  After approximately thirty-five minutes of questioning, when he was asked to hand over his cellphone, he asked "Can I have a lawyer present?"  Id. at ¶ 8.  Investigator Arena responded "You can have a lawyer present, but I still have a search warrant, so."  Id. at ¶ 9.  Rather than stopping the questioning at that time, Special Agent Jewell immediately began asking Mr. Grinnell what they would find on his phone.  Id. at ¶¶ 10-11.  The agents then continued to interview with Mr. Grinnell without an attorney for approximately twenty more minutes before he requested an attorney again.  Id. at ¶ 12.  At that time, Mr. Grinnell asked "If I wanted to talk… Have a lawyer now, how would that part work?  Like, you arrest me, and I get a lawyer, and we go back to this?  Like how

4

does that?" Id. at ¶ 13.  Special Agent Jewell did not stop the interview at that time, rather he stated "Actually I got another idea before we get to that [getting a lawyer]", and requested that Mr. Grinnell sit for a polygraph.  Id. at ¶ 14.  It was only after Mr. Grinnell agreed to sit for a polygraph, but then requested to talk to a lawyer, and asked if talking to a lawyer and sitting for a polygraph were mutually exclusive, that the Special Agent and Investigator took a break from the interview.  Id. at ¶ 15.   It was only after this break, when Mr. Grinnell again stated he wanted to talk to a lawyer, that the interview was ended.  Id. at ¶ 16.

### III.   LAW & ARGUMENT

The Fifth Amendment privilege is so fundamental to protect individuals that "the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored."  Miranda v. Arizona, 384 U.S. 436, 467 (1966). These rights include the right to remain silent and of the right to counsel.  Id. at 479. "[T]he right to have counsel present at the interrogation is indispensable to the protection of the Fifth Amendment privilege…."  Id. at 469.  If a suspect at any time invokes his right to counsel, all questioning must cease and must not resume until the suspect consults with counsel or initiates further contacts with his investigators. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).  If the interrogation continues without

the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." Id. at 479.

Invocation of the Miranda right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." McNeil v. Wisconsin, 501 U.S. 171, 178 (1991). But Miranda does not require a suspect to "'speak with the discrimination of an Oxford don,' [but] he must articulate his desire to have counsel present sufficiently clear that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." (Internal citation omitted.) Davis v. U.S., 512 U.S. 452, 459 (1994).

In the present matter, although Mr. Grinnell initially waived his rights by signing the "ADVICE OF RIGHTS FORM", Ex. 1 at 7, this did not preclude him from invoking those rights at a later point during the interview. And Mr. Grinnell did just that approximately thirty-five minutes into the questioning when he asked "Can I have a lawyer present?" Ex. 1 at ¶ 8. This was an articulation of his desire for counsel which was "sufficiently clear that a reasonable police officer in the circumstances would

understand the statement to be a request for an attorney." Davis, supra, 512 U.S. at 452. Investigator Arena understood Mr. Grinnell's desire to have an attorney present, as evidenced by her assurance that he could have one. She told Mr. Grinnell that "You can have a lawyer present, but I still have a search warrant, so", but then Special Agent Jewell immediately began questioning Mr. Grinnell. Ex. 1 at ¶¶ 9-12. Following this invocation, the questioning continued for approximately twenty additional minutes before Mr. Grinnell again invoked his right to an attorney. Id. at ¶ 12-13. Mr. Grinnell specifically asked about how he could get an attorney. He said "If I wanted to talk… Have a lawyer now, how would that part work? Like, you arrest me, and I get a lawyer, and we go back to this? Like how does that?" Id. at ¶ 13. Special Agent Jewell understood this to be a request for an attorney, but brushed the request aside in order to try to get Mr. Grinnell to agree to take a polygraph. Special Agent Jewell's response to Mr. Grinnell was "Actually I got another idea before we get to that [getting a lawyer]", and requested that Mr. Grinnell sit for a polygraph. Id. at ¶ 14.

      Both instances in which Mr. Grinnell requested an attorney represent statements which can and were "reasonably be construed to be an expression of a desire for the assistance of an attorney." McNeil, supra, 501 U.S. at 178. Rather than cease questioning him, the Special Agent and Investigator continued to question him for an

approximately twenty-five additional minutes before recognizing and respecting his final invocation of his Miranda rights.  Ex. 1 at ¶ 16.

## IV. CONCLUSION

For the foregoing reasons, the defendant is entitled to an evidentiary hearing on his Motion to Suppress.  Further, because Mr. Grinnell invoked his Miranda right to counsel and the questioning of him continued for an additional approximately twenty-five minutes without an attorney, any statements he made thereafter and evidence derived therefrom should be suppressed.

        THE DEFENDANT
        BRIAN GRINNELL

    BY: /s/ HUGH F. KEEFE, ESQ.
        Federal Bar No. ct05106
        Hkeefe@ltke.com
        Matthew D. Popilowski ct28869
        Lynch, Traub, Keefe & Errante, P.C.
        52 Trumbull Street
        New Haven, CT 06510
        Ph. 203.787.0275
        Fax 203-782-0278

**CERTIFICATION OF SERVICE**

      I hereby certify that on FEBRUARY 12, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to receive electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ HUGH F. KEEFE, ESQ.
Federal Bar No. ct05106
HKeefe@ltke.com